**Albert PASHAJ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–0899–ag.

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

Albert Pashaj, pro se, Queens, New York, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Varuni Nelson, James H. Knapp, Assistant United States Attorneys, Central Islip, New York, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Albert Pashaj, *pro se*, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") George T. Chew's decision denying Pashaj's applications for asylum, withholding of removal, and relief under the Covenant Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, in-

cluding adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In this case, the IJ found Pashaj's testimony incredible because: (1) Pashaj was unable to articulate who authored the note of protest and the letter appointing him to the election committee; (2) Pashaj's testimony that he had only been a party member for three to four months contradicted his application, which references his years of membership; (3) Pashaj's testimony that he was a sympathizer of the Democratic party contradicted his application, which states that he "took part in many of its activities;" (4) Pashaj was unfamiliar with the names of the members or the leaders of his area, which was inconsistent with his assertions that he had been a member for months or years; and (5) Pashaj was unable to name the prosecutor who beat him. Although we have some concerns about the IJ's reliance on Pashaj's inability to articulate who authored the note of protest and the letter appointing him to the election committee, the inconsistencies, which the IJ identifies, between Pashaj's written application and his testimony are supported by substantial evidence, as is the IJ's decision to discredit Pashaj's failure to remember the names of Party members and the prosecutor who beat him. These are "specific, cogent reasons" that "bear a legitimate nexus" to the finding, *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotations omitted), and ade-

quately support the adverse credibility finding. Remand would therefore be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

Because the only evidence of a threat to Pashaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Furthermore, Pashaj's CAT claim is waived because it is not argued in the brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).